EDWIN BASTON, PETITIONER FOR WRIT OF HABEAS CORPUS
*vs.*
ALLAN L. ROBBINS, WARDEN MAINE STATE PRISON

Knox.   Opinion, October 15, 1957.

*C. S. Roberts*, for the plaintiff.

*Roger A. Putnam, Asst. Atty. Gen.*, for the defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J.   This is a petition for a Writ of Habeas Corpus brought by the petitioner in which he questions the validity of a commutation of sentence, dated May 12, 1955, granted to him by the Governor and Council. The writ was granted and the case reported to this court for disposition.

At the November 1952 Term of Superior Court, County of Aroostook, the petitioner was convicted of the crime of

rape and was sentenced to 8 years imprisonment in the Maine State Prison. This sentence was commuted to a term of not less than four nor more than eight years.

The commutation, in fact, was a reduction of the original sentence and brought it within the category of indeterminate sentences. By implication, at least, the Parole Board acquired authority to parole the petitioner at the expiration of the minimum term of his imprisonment. He was released by the Board on January 14, 1956. On October 18, of the same year, a parole violator's warrant was issued for the petitioner and he was returned to the Maine State Prison to complete the commuted sentence.

The power or authority of the Governor and Council to act in this case, is found in Article V, Part First, Section 11 of our Constitution.

> "He shall have power, with the advice and consent of the council, to remit, after conviction, all forfeitures and penalties, and to grant reprieves, commutations and pardons, except in cases of impeachment, upon such conditions, and with such restrictions and limitations as may be deemed proper, subject to such regulations as may be provided by law, relative to the manner of applying for pardons."

It is readily seen from a reading of this part of Article V, that the power to act is one granted to the Governor and Council by the Constitution and legislative action is limited to the adoption of regulations "relative to the manner of applying for pardons." Other than this, the Legislature is without authority to control in any way, regulate or interfere with the powers of the Governor and Council, under this constitutional provision.

The petitioner's position is that the commutation, was in fact the imposition of an indeterminate sentence and a violation of Section 12, Chapter 149 of the Revised Statutes of Maine.

As before noted the authority of the Governor and Council is derived from the Constitution and it may commute the sentence with such restrictions as may be deemed proper. If the restrictions and limitations imposed are in conflict with the provisions of any statute, then such statute does not control and it may be ignored as it was in this case, provided such restrictions or limitations are not illegal, immoral, or impossible to perform.

It is the consensus of judicial opinion that a commutation is not affected because the statutes do not permit courts in the first instance to fix such punishment. C. J. S. Vol. 67, page 585. *Ex parte re Wells*, S. C. 18 Howard, 307-331. *Stroud* v. *Johnston*, 139 F. R. (2nd) 171.

The Parole Board saw fit to release the petitioner on parole after he had served the minimum sentence and the responsibility was placed on his shoulders, and his alone, as to the remainder of the sentence. If he conducted himself properly and complied with the rules and regulations of his parole, he would then be free forever from further execution of the sentence. It rested wholly on his conduct and he now cannot be heard to complain because his conduct, after he was placed on parole, was such that the parole was revoked and he was compelled to serve the full term of his imprisonment.

*Writ discharged. Petitioner remanded to the custody of the Warden of Maine State Prison in execution of sentence.*